# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES HAROLD LAWSON,

    Petitioner,

Case No. 3:11-cv-183

  -vs-

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

ROBIN KNAB, Warden,

    Respondent.

## REPORT AND RECOMMENDATIONS

This case is before the Court for initial review upon filing.

Mr. Lawson styles his initial pleading as an "Application for an Alternative Writ of Habeas Corpus and a Rule Nisi Order Pursuant to 28 U.S.C. § 1651(a)(b) for Its Lawful Determination."

Petitioner asserts he is not in the lawful custody of the State of Ohio or any of its lawful agents. He says 28 U.S.C. § 2254 is not applicable because he is not in custody pursuant to the judgment of a state court. He refers this Court to Case Nos. 1997 CR 01664 and 1997 CR 02755 on the docket of the Montgomery County Common Pleas Court as to which he claims no substantive law was invoked.

The Montgomery County Common Pleas Court docket for Case No. 1997 CR 01664 shows Petitioner was indicted September 17, 1997, on three counts of rape and one count of gross sexual imposition. It further shows that Petitioner pled guilty to one count of rape on June 10, 1998, and the other three counts were dismissed. The docket shows a direct appeal was taken, but not the

results of that appeal; it further shows a petition for post-conviction relief was filed, but not the results of that petition.

The Montgomery County Common Pleas Court docket for Case No. 1997 CR 02755 shows Petitioner waived indictment and a bill of information was filed charging him with eight counts of aggravated robbery (two counts having a firearm specification), one count of burglary, and one count of rape. On June 10, 1998, he pled guilty to the eight aggravated robbery counts, the burglary count, and the rape count. He was sentenced on October 5, 1998, with some of the time to run concurrent with the sentence in 97 CR 1664. A direct appeal and post-conviction petition were filed, but no results are shown on the docket.

The Montgomery County Court of Appeals decided Mr. Lawson's direct appeal. *State v. Lawson*, 200 Ohio App. LEXIS 1831 (Ohio App. 2nd Dist. Apr. 28, 2000). The only assignment of error in that case dealt with the propriety of Mr. Lawson's classification as a sexual predator; no claims regarding the Fourth Amendment or any other constitutional claim relating to the underlying convictions was raised.

In order to obtain relief by way of a writ of habeas corpus, a person must be in custody. *Maleng v. Cook*, 490 U.S. 488 (1989). Although Petitioner claims he is not in lawful custody, he inferentially pleads he is in custody of some kind by asking the Court to order Respondent to produce the lawful cause of his detention. However, Petitioner disclaims any reliance on 28 U.S.C. § 2254 to test his custody, stating "because no substantive law was invoked Petitioner cannot lawfully invoke the statutory remedy of 28 U.S.C. § 2254." (Petition, Doc. No. 1, PageID 1.)

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution

and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 91976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8, 4 Dall. 8, 1 L. Ed. 718 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (3 Dall. 382), 1 L. Ed. 646 (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Ford v. Hamilton Inv. Co.,* 29 F.3d 255, 257 (6th Cir. 1994); *In re Millers Cove Energy Co., Inc.*, 128 F.3d 449, 450 (6th Cir. 1997); *Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 630 (6th Cir. 1992); *Mansfield, C. & L M. Ry. v. Swan,* 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149 (1908); *Sumner v. Mata*, 449 U.S. 539, 548, n.2 (1981); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Petitioner leaves the Court in a dilemma. The jurisdiction of federal courts to consider petitions for writs of habeas corpus is created by 28 U.S.C. § 2241. When a person is in custody pursuant to a judgment of a state court, a federal district court's ability to consider the writ is further limited by 28 U.S.C. § 2254. Although Petitioner claims not to be in custody under a state court judgment, the Montgomery County Court of Appeals, in the two cases Petitioner has referred us to, affirmed convictions which included sentences of imprisonment. 28 U.S.C. § 1651, the All Writs Act, does not confer any jurisdiction on district courts, much less jurisdiction to inquire into the reasons for confinement of a person by a warden of a state correctional facility.

**Conclusion**

Because Petitioner has not met his burden to show that this Court has jurisdiction to grant the relief he requests, his Application should be dismissed without prejudice for lack of jurisdiction. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

June 1, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Lawson Habeas R&R.wpd