**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

JAMES HAROLD LAWSON,
:
    Petitioner,                                  Case No. 3:11-cv-183

:        District Judge Thomas M. Rose
    -vs-                                      Magistrate Judge Michael R. Merz

ROBIN KNAB, Warden,
:
    Respondent.

---

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

---

       This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 4) to the Magistrate Judge's Report and Recommendations (Doc. No. 3) recommending that this case be dismissed without prejudice for lack of jurisdiction. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

       In the Application by which he commenced this matter, Lawson demanded that this Court order Robin Knab to show cause why she detains him in custody, but he has failed to show how this Court has any subject matter jurisdiction over his claim. As stated in the original Report, it appears he is claiming to be in custody in violation of the United States Constitution on the theory that the Montgomery County Common Pleas Court which convicted him in two separate cases did not have jurisdiction over him because "indictments and informations are not jurisdictional instruments according to Ohio law." (Objections, Doc. No. 4, PageID 11)

-1-

Before this Court can consider Petitioner's theory, even to the point of ordering Robin Knab to show cause, it must have subject matter jurisdiction of Mr. Lawson's claim.  To put it another way, for this Court to inquire into the subject matter jurisdiction of the Common Pleas Court, it must itself have subject matter jurisdiction of Mr. Lawson's claims.  While federal judges have the power to issue the writ of habeas corpus, it must be in a case over which they have been given authority by Congress pursuant to the Constitution.

If Mr. Lawson were prepared to acknowledge that Ms. Knab was the Warden of an Ohio correctional institution in which Lawson is confined[1] by her pursuant to some order from some Ohio entity, this Court would have the power to inquire whether the entity ordering the confinement had constitutional authority to do so.  Instead, Lawson even objects to having her identified as a warden or to this Court's making the State of Ohio a party. But if Ms. Knab is just a private citizen who happens to be holding Lawson, where would this Court get its authority to order her to say why she is holding him?  Federal courts can only decide cases – and issue alternative writs of habeas corpus or orders to show cause in aid of deciding cases – if Congress has given them authority to do so.  And we are presumed not to have that authority unless the party who brings the case shows that we have the authority, which Mr. Lawson has not done.

The usual practice for a person in state custody who seeks release is to file under 28 U.S.C. § 2254, but Lawson has declined to do that, perhaps because any claim on his part under § 2254 is many years too late.[2]

---

[1] Lawson gives the Chillicothe Correctional Institution and an Ohio prisoner number as his address in filing this case.

[2] Despite disclaiming reliance on § 2254, Lawson has paid the $5.00 filing fee for a § 2254 case, rather than the standard $350 filing fee for other civil cases (See Doc. No. 2).

Turning to Lawson's specific objections, he first argues the Magistrate Judge had no jurisdiction to consider this case under 28 U.S.C. § 636(b) because Lawson is not a prisoner under 28 U.S.C. § 1915A and has filed no prisoner petition. 28 U.S.C. § 636(b)(1)(B) expressly permits referring to magistrate judges "applications for posttrial relief made by individual convicted of criminal offenses." The Dayton General Order of Assignment and Reference refers all *pro se* cases and all cases seeking release from custody to the Dayton Magistrate Judges.

Lawson says he will only acknowledge his status as a state prisoner "when it is lawfully determined through officials records." (Objections, Doc. No. 4, PageID 12.) Federal courts do not require habeas corpus petitioners to acknowledge they are **lawful** state prisoners to obtain habeas relief – such an admission would defeat their petition. But unless a petitioner admits at least that he is a *de facto* state prisoner, he has not pled a cause of action over which this Court has authority.

Lawson asserts this Court "can presume nothing until some factual proof is presented by Respondents." (Objections, Doc. No. 4, PageID 12.) That is legally incorrect. This Court is commanded by the Supreme Court of the United States to presume it has no subject matter jurisdiction, no power to act at all, unless that authority is affirmatively shown by the party invoking it. Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8, 4 Dall. 8, 1 L. Ed. 718 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (3 Dall. 382), 1 L. Ed. 646 (1798). The burden of proof is on the party asserting jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935).

Mr. Lawson insists that he is not invoking this Court's "statutory appellate jurisdiction," but

its discretionary jurisdiction under 28 U.S.C. § 1651, the All Writs Act. No such discretionary jurisdiction exists and Petitioner has cited no authority which suggests that it does.

If the Court were to reach the merits of the case, it would find it to be meritless. Lawson relies on *Wells v. Maxwell*, 174 Ohio St. 198, 188 N.E. 2d 160 (1963), for the proposition that "indictments and informations are not jurisdictional instruments according to Ohio law" and refers the Court to the docket sheets attached to his Petition. The *Wells* Court wrote:

> So long as an accused is properly brought before a court by means of a valid indictment or information and the court has jurisdiction of the subject matter, any irregularity in his original apprehension does not affect the validity of his conviction.

*Id.* at 201. The docket sheet in 1997 CR 01664 shows the Montgomery County grand jury returned an indictment on September 16, 1997, for counts of rape and gross sexual imposition, that an arrest warrant was issued the same day, that Lawson was arrested on the warrant. In 1997 CR 02755, Lawson waived indictment and proceeded to plea to at least two counts of aggravated robbery. *Wells* does not suggest there is anything inappropriate under Ohio law with the way these two cases proceeded.

If Lawson is suggesting that the Montgomery County Common Pleas Court did not have subject matter jurisdiction over the felony charges in the two cases, his argument is frivolous in the extreme. Ohio Common Pleas courts are courts of general jurisdiction, which means they have authority to decide their own jurisdiction in the first instance. *State ex rel. Winnefeld v. Court of Common Pleas of Butler County,* 159 Ohio St. 225, 112 N.E. 2d 27 (1953); *State ex rel Miller v. Court of Common Pleas of Lake County*, 151 Ohio St. 397, 86 N.E. 2nd 464 (1949). An Ohio common pleas court is not a segment of county government, but an arm of the State. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997).

As a *pro se* litigant and at least de facto prisoner of the State of Ohio, Lawson would be entitled to liberal construction of his pleading to state a claim under 28 U.S.C. § 2254, but he strongly resists such characterization. And in any event such a claim would be barred by the one-year statute of limitations under Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").

It is therefore again respectfully recommended that the Application herein be denied without prejudice for lack of subject matter jurisdiction in this Court. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and leave to appeal *in forma pauperis*.

June 8, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).